IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

DANIEL DROW,

                Petitioner,                        ORDER

    v.

                                            09-cv-386-bbc

RANDALL HEPP, Warden,
Jackson Correctional Institution,

                Respondent.

---

Daniel Drow, an inmate at the Jackson Correctional Institution, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has paid the five dollar filing fee. The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

The subject of the petition is a 1996 administrative decision revoking petitioner's probation. Petitioner challenged this same decision in a habeas corpus petition that he filed in 2000. Drow v. Karlen, 00-C-707-C. In an opinion and order entered September 7, 2001, I found that petitioner had procedurally defaulted all but two of his 16 claims and that a seventeenth claim had not been exhausted. Id., Opin. and Order, Sept. 7, 2001, dkt. #26. With respect to the two claims that petitioner had properly preserved for federal review, I denied them on the merits. One of those two claims was that petitioner was revoked for

1

failing to admit to uncharged crimes, in violation of his Fifth Amendment privilege against self-incrimination. I found that petitioner had not presented evidence sufficient to support his claim regarding the conduct that he had allegedly failed to admit, and that the state appellate court had reasonably understood petitioner to have been claiming that he was revoked for failing to admit to the offense for which he was charged and convicted. Id., at 21.

Under 28 U.S.C. § 2244(b)(2), "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed" except under certain, narrow circumstances. See §§ 2244(b)(2)(A)-(B); Panetti v. Quarterman, 551 U.S. 930 (2007). Determining whether these circumstances are present is a task reserved for the federal appellate courts. Thus, before filing a second or successive habeas application, a petitioner must first obtain authorization from the appropriate court of appeals, § 2244(b)(3)(A), which in this case is the Court of Appeals for the Seventh Circuit.

Petitioner has not obtained authorization from the court of appeals to file the instant petition. Petitioner asserts that he has newly-discovered evidence to prove his claim that he was revoked for refusing to admit conduct beyond that to which he pleaded no contest, and that the lawyer who represented him at the revocation proceeding was ineffective for failing to discover this evidence. Although petitioner's explanation may be sufficient to bring him

2

within one of the narrow circumstances outlined in § 2244(b)(2), it does not alter the fact that his petition is his second attack on the 1996 revocation decision. Accordingly, he must seek permission to file it from the court of appeals. Because he has not done so, this court must dismiss the petition. Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996) ("A district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing.").

ORDER

IT IS ORDERED that the petition of Daniel Drow for a writ of habeas corpus is DISMISSED for petitioner's failure to obtain the authorization required by 28 U.S.C. § 2244(a)(3)(A).

Entered this 14th day of July, 2009.

BY THE COURT:

/s/ Barbara B. Crabb
_____
BARBARA B. CRABB
District Judge